NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DARIN LEE JONES, | No. 23-3871 |
| Plaintiff - Appellant, | D.C. No. 3:18-cv-00249-RRB |
| v. | |
| LT MOORE, Employee of the Alaska Department of Corrections; CO MCCULLOUGH, Employee of the Alaska Department of Corrections; ALASKA DEPARTMENT OF CORRECTIONS, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Alaska state prisoner Darin Lee Jones appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging constitutional claims

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

arising from his pretrial detention. Because the parties are familiar with the facts, we need not recite them here. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Jones's failure to protect claim against Lieutenant Harry Moore. No facts indicate Lt. Moore was responsible for Jones's placement in the cell or was aware Jones shared the cell with a potentially dangerous cellmate. Consequently, Jones has not identified a decision Lt. Moore made that placed Jones at a substantial risk of harm. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).

The district court also properly granted summary judgment on Jones's failure to protect claim against Correctional Officer ("CO") Lonnie McCullough. In accordance with Alaska's Department of Corrections Policies and Procedures, CO McCullough sought back-up to assist in breaking up the fight between Jones and his cellmate. Jones did not establish that CO McCullough's decision to wait for backup before entering the cell put Jones at a substantial risk of harm or that CO McCullough did not take reasonable measures to abate that risk. *Castro*, 833 F.3d at 1071.

**AFFIRMED.**